[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST FOR STAY OF EXECUTION
In memoranda of law filed on February 12, 1998, by the defendants, and on February 20, 1998, by the plaintiffs, the parties have asked the Court to rule on a possible stay of execution of the injunction, should it be granted.
The Court has this day ruled in a separate memorandum that the injunction should be granted for the reasons stated therein.
The plaintiffs claim that under Connecticut General Statutes § 52-477 and Practice Book § 4046, they are entitled to a stay. Section 4046 provides for an automatic stay unless the Court is of the opinion that an appeal is taken only for delay or that the due administration of justice so requires.
Connecticut General Statutes § 52-477 provides in relevant part that a stay should be granted unless the Court is of the opinion that great and irreparable injury will be done by such stay or that such application was made only for delay and not in good faith. The defendants claim that the application for a stay is being made only for delay and not in good faith and that irreparable injury will be done if a stay is granted. The plaintiffs deny these claims.
The defendants have listed many examples of unwarranted delays to support the claim of delay and lack of good faith. The plaintiffs have attempted to deny or explain away these facts. The Court agrees with the defendants that there was deliberate delay and a lack of good faith on the part of the plaintiffs. This finding alone is sufficient to deny the stay. However, the defendants also claim a stay would cause them great and irreparable injury.
They claim that until the property is restored, they cannot proceed with the obtaining of further approvals from the town for various permits and zoning approvals. If zoning approvals lapse, it will be difficult, if not impossible, to proceed. Most importantly, they now have approval to construct a 400 room hotel. Newly enacted zoning restrictions would limit development to a 200 room facility. Furthermore, the defendants presented a witness from the banking community who testified that no money will be lent to the project unless, and until title to the property is in the name of NSDA. Thus, the defendants' inability to structure the financial portion of the project goes to prove that they are suffering irreparable harm and have no adequate CT Page 2710 remedy at law.
It is clear to the Court that any delay in restoring the property to its rightful owner will prevent the development of the property for a long period of time and cause the defendants great and irreparable harm.
The plaintiffs argue that there is no evidence that the present extension will not be renewed. They also place great weight on the testimony of Zaccaro that in the past extensions were automatically granted if "you request it and pay a $10 fee."
However, the fact of the new regulation limiting future development to a 200 room facility casts doubt on the chances of automatic renewal. The plaintiffs go on to speculate that projects approved after October 1, 1989, need to be completed within ten years from date of approval, in this case, November, 1992. This leaves the defendants four and a-half years to complete the hotel. If a stay is granted, the plaintiffs claim there would still be two and a-half years left. This fails to consider that no approvals can be granted and no funding, obtained for the two years it would take to decide the appeal. Thus, all approvals and all financing would have to be obtained and then the hotel built all within two and a-half years. The Court disagrees and finds that there would be irreparable harm to the defendants.
The Court, therefore, orders that the execution of the injunction shall not be stayed.
With respect to the defendants' request that Gattoni be held in contempt of court should he fail to obey this Court's order, the Court will deny this motion as being premature. However, should there in fact be a delay in compliance with the order, the Court will most certainly order appropriate sanctions.
D. Michael Hurley
Judge Trial Referee